IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


BEVERLY BLOUNT-HILL, *et al.*, :

    Plaintiffs, :

                                                Case No. 3:04cv197

        vs. :

                                                JUDGE WALTER HERBERT RICE

SUSAN TAVE ZELMAN, :
OHIO SUPERINTENDENT OF
PUBLIC EDUCATION, :

    Defendant. :

---

DECISION AND ENTRY OVERRULING MOTION TO INTERVENE AND
SUSTAINING ALTERNATE MOTION TO APPEAR AS AMICUS CURIAE
(DOC. #72)

---

Plaintiffs[1] bring this litigation against Defendant[2] Susan Tave Zelman, Ohio's Superintendent of Public Instruction, alleging that the funding provisions of the Community Schools Act, Ohio Revised Code Chapter 3314 (the "Act"), violate the United States Constitution. Doc. #66 (3rd Am. Compl.). Specifically, the Plaintiffs'

---

[1]Plaintiffs Beverly Blount-Hill, Marcia D. Connors, Stacey Range and Kevin Range are parents of children who are presently, or were in the past, students at traditional schools in the Dayton City School District. Doc. #66 ¶¶ 9-12. Plaintiff Patricia Lynch is the President of the Dayton Education Association (DEA) OEA/NEA, and brings this action on her own behalf, in her capacity as President of DEA, and on behalf of DEA and its members. Id. ¶ 13.

[2]The original Complaint was brought against Defendants State of Ohio Board of Education, State of Ohio Department of Education, and Susan Tave Zelman, Ohio's Superintendent of Public Instruction. Doc. #1. Pursuant to the Plaintiffs' Third Amended Complaint (Doc. #66), only the Superintendent of Public Education remains as a party Defendant.

Third Amended Complaint sets forth five claims for relief, to wit: 1) a claim under 42 U.S.C. § 1983, alleging that the Defendant has violated the Equal Protection Clause of the Fourteenth Amendment, by implementing a funding mechanism under which students at community schools receive a higher share of state Formula Aid, than students at traditional public schools (id. ¶¶ 230-36) (First Claim for Relief); 2) a claim under § 1983, alleging that the Defendant has violated the Equal Protection Clause of the Fourteenth Amendment through the funding mechanism for charter schools which favors minority students who attend charter schools with a greater share of the state formula aid funds than those minority students who remain in traditional public schools (id. ¶¶ 237-40) (Second Claim for Relief); 3) a claim under § 1983, alleging that the Defendant has violated the Equal Protection Clause of the Fourteenth Amendment, by creating two classes of traditional public school districts, one class that is predominantly minority and the other that is predominately white, and treating students in predominantly white districts better than those who are in predominantly minority districts, by requiring predominantly minority districts to use state formula aid to pay to educate students at community schools, all of which constitutes discrimination on the basis of race (id. ¶¶ 241-52) (Third Claim for Relief); 4) a claim under § 1983, alleging that the Defendant has violated the Equal Protection Clause of the Fourteenth Amendment through the funding mechanism which requires students attending traditional public schools in districts in which community schools have been created to rely more

heavily on local property taxes to fund their education than students in traditional public schools in districts in which community schools have not been created (id. ¶¶ 253-58) (Fourth Claim for Relief); and 5) a claim under § 1983, alleging that the Defendant has violated the Due Process Clause of the Fourteenth Amendment, by the diversion of funds from the traditional education of their children without notice and an opportunity to be heard (id. ¶¶ 259-66) (Fifth Claim for Relief).

Previously, the Defendant filed a Motion for Dismiss (Doc. #67), which the Court subsequently sustained, in part, and overruled, in part. Doc. #84. As a result of the Court's ruling on that Motion, the only claim remaining is the Plaintiffs' third claim for relief. Id.

In between the Defendant's filing of the Motion to Dismiss and the Court's decision thereon, Sharonda Perkins, Jessica Z. Velasquez, Anthony Robinson, Jennifer Robinson and HOPE Academy Northwest Campus ("HOPE Academy")[3] filed a Motion to Intervene [as parties Defendant] or to Appear as *Amicus Curiae*.[4]

---

[3] Hope Academy is a community school located in Cleveland, Ohio. Doc. #72 at 4. Perkins, Velasquez and the Robinsons are parents of students at HOPE Academy. Id.

[4] White Hat Management, LLC ("White Hat") is the third largest K-12 community school management company in the United States and the largest in Ohio. http://www.whitehatmgmt.com/about/history. One of the schools managed by White Hat is Hope Academy. http://www.hope-academies.com/about_school.htm.
  Previously in this case, White Hat filed a Motion to Intervene. Doc. #9. On the issue of White Hat's intervention of right, the Court denied the Motion, finding that White Hat failed to demonstrate that the current parties failed to represent its interests (the fourth prong of the applicable test, identified infra). Doc. #40. The

Doc. #72. The Defendant and the Plaintiffs both having objected to the Motion to Intervene (but not the alternative Motion to appear as *amicus curiae*) (Docs. #79, #81) and the potential intervenors having responded (Docs. #80, #82), the Court now addresses the merits of that Motion.

Under the Federal Rules of Civil Procedure, a court must permit anyone to intervene who submits a timely motion to do so and who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. Proc. 24(a)(2). The Rules also contain a provision for permissive intervention when, upon timely motion, "a movant has a claim or defense

---

Sixth Circuit affirmed that decision. Blount-Hill v. Bd. of Educ., 195 Fed. Appx. 482, 485-86, 2006 U.S. App. LEXIS 22667 (6th Cir. Sept. 5, 2006); cert. denied, White Hat Mgmt., LLC v. Blount-Hill, 549 U.S. 1208, 127 S. Ct. 1326 (2007). In so doing, the Appellate Court did not address this Court's reasoning, on the issue of whether White Hat had demonstrated that the current parties adequately represented its interests. Rather, it affirmed on the basis that White Hat had only an economic interest in the litigation and, thus, did not have a substantial legal interest in the subject matter of the case (the second prong of the applicable test). Id.

    This Court also denied White Hat's request for permissive intervention, finding that it did not have a unique perspective on the litigation and, thus, allowing it to intervene would result only in a duplication of efforts of the existing Defendant and create undue delay. Doc. #40 at 8-10. Relying on White Hat's proposed Answer to Plaintiff's Complaint (which indicated that White Hat would be requesting the joinder of over two hundred defendants, to include other Ohio community schools), the Appellate Court affirmed that decision, finding that this Court "had evidence before it, and was persuaded, that White Hat's presence in the litigation 'would result only in the duplication of the efforts of the existing Defendants and undue delay of the litigation.'" Blount-Hill, 195 Fed. Appx. at 487.

4

that shares with the main action a common question of law or fact." Fed. R. Civ. Proc. 24(b)(2).

I.   Intervention of Right

With regard to an intervention of right, the Sixth Circuit instructs that "a proposed intervenor must establish the following four elements:  (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the proposed intervenor's interest." United States v. Michigan, 424 F.3d 438, 443 (6th Cir. 2005) (citing Grutter v. Bollinger, 188 F.3d 394, 397-98 (6th Cir. 1999)).  "The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied." Id. (quoting Grubbs v. Norris, 870 F.2d 343, 345 (6th Cir. 1989)).  This Court has previously recognized that the Sixth Circuit "construe[s] Rule 24 'interests' expansively and ha[s] stated that 'close cases should be resolved in favor of recognizing an interest under Rule 24(a).'" Blount-Hill v. Bd. of Educ., 195 Fed. Appx. 482, 485, 2006 U.S. App. LEXIS 22667 (6th Cir. Sept. 5, 2006) (quoting Michigan State v. Miller, 103 F.3d 1240, 1247 (6th Cir. 1997)).

The Defendant asserts that the movants have not proven the fourth element

of their case (that the present parties may not adequately represent their interests) (Doc. #79 at 3-7), while the Plaintiffs contend that they have not proven any of the elements (Doc. #81 at 5-15). As will be explained below, the Court finds that the movants have not proven the fourth element and, therefore, finds it unnecessary to explore the arguments pertaining to the first three such.

With regard to the fourth element of their intervention claim, the movants bear the burden of proving that they are inadequately represented by the present parties. United States v. Michigan, 424 F.3d 438, 443 (6th Cir. 2005). "This burden has been described as minimal because it need only be shown 'that there is a potential for inadequate representation.'" Id. (quoting Grutter, 188 F.3d at 400). Nevertheless, "applicants for intervention must overcome the presumption of adequate representation that arises when they share the same ultimate objective as a party to the suit." Id. (citation omitted). As to this presumption, the Defendant points to a case from the Third Circuit that amplifies the same, in cases involving the government, in stating that "a presumption of adequate representation generally arises when the representative is a governmental body or officer charged by law with representing the interests of the absentee. . . . Where official policies and practices are challenged, it seems unlikely that anyone could be better situated to defend than the governmental department involved and its officers." Pennsylvania v. Rizzo, 530 F.2d 501, 505 (3d Cir. 1976) (citing 7A C. Wright & A. Miller, Practice and Procedure 1909, at 528-29 (1972); Sam Fox Publishing Co. v. United States,

366 U.S. 683, 689, 81 S. Ct. 1309 (1961) (dictum)).

The Sixth Circuit has recognized that "the State . . . [has] an independent interest in defending the validity of Ohio laws." Northeast Ohio Coalition for the Homeless v. Blackwell, 467 F.3d 999, 1008 (6th Cir. 2006). In the present case, the proposed intervenors concede that "the existing defendant and [proposed] [i]ntervenors ultimately seek affirmation of the Act as constitutional," but claim that the Attorney General (who represents the Defendant) and the proposed intervenors have "adverse interests", because the Attorney General sought to settle the present lawsuit (the details of which allegedly entailed closing Hope Academy) and continues to pursue unrelated lawsuits to close community schools. Doc. #72 at 11.

The movants' argument is without merit. They have pointed to no case law to demonstrate that the Attorney General's entry into a proposed settlement agreement, in the present case, or his participation in unrelated lawsuits somehow diminishes his interest in defending the validity of Ohio laws, and the Court has found none. See United States v. Am. Inst. of Real Estate Appraisers, 442 F. Supp. 1072, 1081 (N.D. Ill. 1977) (in determining whether present parties adequately represented proposed intervenors, concluding that "entry into a proposed settlement does not constitute . . . collusion per se"). Furthermore, the Defendant (represented by the Attorney General) recently filed and aggressively pursued a Motion to Dismiss, in the present case, and, as noted above, the Court sustained said Motion,

as to four of the five claims asserted by the Plaintiffs.  Thus, as to the sole issue involved in this case, the constitutionality of the Act, the movants have provided no indication that there is a potential for inadequate representation.

The proposed intervenors having failed to demonstrate that the present parties may not adequately represent their interests, the Court concludes that the movants may not intervene, as a matter of right, pursuant to Federal Rule of Civil Procedure 24(a)(2).

II.     Permissive Intervention

With regard to the question of permissive intervention, this Court has noted in a prior proceeding in this case that,

> Rule 24(b) grants the district court discretionary power to permit intervention if the motion is timely, and if the 'applicant's claim or defense and the main action have a question of law or fact in common.'  In exercising its discretion, the Court must consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Blount-Hill v. Ohio, 2007 U.S. Dist. LEXIS 49859, 10-11 (S.D. Ohio July 11, 2007) (quoting Fed. R. Civ. P. 24(b)(2) and citing Purnell v. Akron, 925 F.2d 941, 951 (6th Cir. 1991)).  There is no question that the proposed intervenors' defense and the main action have a question of law or fact in common.  The parties dispute, however, whether the motion is timely (given all that has transpired in this case since it was filed almost five years ago) and whether the movants' intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

The Plaintiffs argue that since the proposed intervenors have proposed no unique arguments relevant to resolution of this case and their interest is adequately represented by the Defendants, that any efforts expended by Plaintiffs in discovery or motions relating to the proposed intervenors will be redundant, unnecessary, burdensome and will result in undue delay.  The movants respond by stating that they agree to abide by the discovery plan currently entered in the case and also in stating that since the "Plaintiffs have requested far-reaching injunctive relief, the discovery and motions initiated by Intervenors . . . can hardly be said to cause undue delay or prejudice." Doc. #82 at 11.

Without resolving the issue of timeliness, the Court concludes that allowing the movants to intervene at this late date would undoubtedly delay the litigation and prejudice the rights of the present parties.  The movants have presented nothing to this Court to indicate that they have a unique perspective on the litigation.  Thus, allowing them to intervene would result only in a duplication of efforts of the existing Defendant and create undue delay.  This is especially true given that the case is now almost five years old and has proceeded to the stage where the Defendant has twice moved to dismiss (Docs. #28, #67), with the Court sustaining the second such motion, as to four of the five claims before it.

Because the Court concludes that permitting the movants to intervene, at this late date, would undoubtedly delay the litigation and prejudice the rights of the present parties, it OVERRULES the proposed intervenors' Motion to Intervene. Doc. #72.

III. <u>Alternate Motion to Appear as *Amicus Curiae*</u>

The movants request, in the alternative, that they be allowed to appear in the present litigation, as *amicus curiae*. "Classical participation as an amicus to brief and argue as a friend of the court was, and continues to be, a privilege within the sound discretion of the courts, depending upon a finding that the proffered information of amicus is timely, useful, or otherwise necessary to the administration of justice." <u>United States v. Michigan</u>, 940 F.2d 143, 165 (6th Cir. 1991) (citations and quotation marks omitted). The parties to this action not having contested the movants' request to appear as *amicus curiae* and the Court finding that the movants might provide useful information, in the resolution of the one remaining claim, the Court SUSTAINS the movants' alternative Motion to Appear as *Amicus Curiae* (Doc. #72).

IV.     Conclusion

The Court OVERRULES the Motion to Intervene, but SUSTAINS the alternate Motion to Appear as *Amicus Curiae.* Doc. #72.

Given that trial on the merits is set for January 11, 2010, any submission by the *Amici* must be filed not later than the close of business on December 20, 2009, the day prior to the final pretrial conference set for December 21, 2009.


June 30, 2009


                                          /s/ Walter Herbert Rice
                                          WALTER HERBERT RICE, JUDGE
                                          UNITED STATES DISTRICT COURT

Copies to:
Counsel of record